IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RAYMOND KORNEGAY,**

        Petitioner,

        v.                           **Civil Action No. 5:24-CV-136**
                                                  Judge Bailey

**(W) R. BROWN,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On July 19, 2024, the *pro se* petitioner, Raymond Kornegay ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate housed at FCI Gilmer in Glenville, West Virginia, and is challenging the Bureau of Prison's ("BOP") application of First Step Act time credits. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the petition be denied and dismissed.

### II. BACKGROUND

In his petition, petitioner states that he is challenging the application of the First Step Act time credits. [Doc. 1 at 1]. Although petitioner left blank the portions of the § 2241 form which would include his grounds for relief, the limited information included

1

in the "relief" section, combined with the exhibits petitioner has attached, which include administrative grievances relating to his claim, show that he is challenging the fact that the BOP is not allowing him to apply his time credits earned under the First Step Act. [Id. at 8]. Petitioner states that he seeks to have his recidivism reduced, presumably referring to the "PATTERN" score[1] used by the BOP to determine his recidivism level. According to the exhibits petitioner includes, his recidivism level is currently "medium" and he has attempted to file grievances inquiring as to why he is not able to further lower his recidivism level through participation in recidivism reduction programming. *See, e.g.* [Doc. 1-1 at 15].

### III. Legal Standard

**A.     Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[1] As described in BOP Program Statement 5410.01: Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), page 8, the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) is a recidivism risk assessment tool used by the BOP as a risk and needs assessment tool under the First Step Act.

**B.     Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. Discussion

At the outset, the undersigned notes that there is some question as to whether petitioner has fully exhausted administrative remedies and whether any such failure to exhaust should be excused.  His attached exhibits show that he has clearly attempted to exhaust for at least some of the levels of the BOP's grievance process, but he alleges he has been stymied in this process and has attempted also to pursue grievances related to the grievance procedures themselves.  However, because the undersigned finds that petitioner's underlying claim is not reviewable regardless of exhaustion, the undersigned recommends the petition be dismissed on initial review without directing a response from the warden.

Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based

3

recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A). Time credits earned are applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Prisoners are ineligible to receive time credits if they are serving a sentence for a conviction under one of several provisions of law set forth in 18 U.S.C. § 3632(d)(4)(D).

However, there is a distinction between earning time credits and the application of time credits. The application of time credits to prerelease custody or supervised release is governed by 18 U.S.C. § 3624(g). Section 3624(g)(1) sets forth the criteria for eligibility[2]:

> **(1) Eligible prisoners.**--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
>
> **(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> **(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> **(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
>
> **(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner—
>
>> **(I)** has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

---

[2] The undersigned notes that an additional criteria for eligibility to apply credits is found in § 3632(d)(4)(E), which bars prisoners who are subject to a final order of removal under any provision of the immigration laws from applying time credits.

  **(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that—

    **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

    **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

    **(cc)** the prisoner is unlikely to recidivate; or

  **(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1). Thus, a prisoner may be eligible under 18 U.S.C. § 3632(d) to earn and receive time credits but not be eligible to have those credits applied under 18 U.S.C. § 3624(g).

  Here, petitioner does not have a recidivism score of "low" or "minimum," and as such is not currently eligible to have time credits applied under 18 U.S.C. § 3624(g). His petition seeks to have this recidivism level reduced from "medium," so that he can be eligible for the application of time credits. However, determinations made under § 3624 are not reviewable by this Court. 18 U.S.C. § 3625. This Court and others have held that this applies to challenges of a prisoner's PATTERN Score and determinations of a prisoner's recidivism level. **Nevel v. Brown**, No. 5:23-CV-285, 2023 WL 8505881, at *6 (N.D. W.Va. Oct. 27, 2023) (Mazzone, M.J.), *report and recommendation adopted*, No. 5:23-CV-285, 2023 WL 7490046 (N.D. W.Va. Nov. 13, 2023) (Bailey, J.); **Steelman v. FCI Beckley Warden**, No. 5:23-CV-00599, 2024 WL 1781909, at *3 (S.D. W.Va. Apr. 5, 2024) (Eifert, M.J.), *report and recommendation adopted*, No. 5:23-CV-00599, 2024 WL 1769948 (S.D. W.Va. Apr. 24, 2024) ("Even if Steelman could show that his recidivism

5

risk level was miscalculated, Title 18 U.S.C. § 3625 seems to prohibit judicial review of a prisoner's PATTERN score or recidivism risk level."); **Newell v. Fikes**, No. 2:22-CV-53, 2023 WL 2543092, at *2 (S.D. Ga. Feb. 21, 2023), *report and recommendation adopted*, No. 2:22-CV-53, 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023).  Because petitioner's challenge to the BOP's determination of his PATTERN Score are not reviewable, his petition should be dismissed.

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: July 24, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE