IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RAYMOND KORNEGAY,**

        Plaintiff,

v.                                           **CIVIL ACTION NO. 5:24-CV-136**
                                                  Judge Bailey

**(W) R. BROWN,**

        Defendant.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone. [Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 24, 2024, wherein he recommends that the Petition be denied and dismissed with prejudice. [Id.] For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 5 at 1–2].

1

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objection to the Report and Recommendations [Doc. 11] on August 26, 2024. In addition to his objections, petitioner also included a Motion to Amend. [Id.]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone found that the Petition should be dismissed with prejudice because the determinations for which relief is sought in this matter "are not

reviewable by this Court." *See* [Doc. 5 at 5]. Petitioner seeks review of his recidivism level and a reduction of that level from "medium" to "low" or "minimum." [Doc. 11]. Petitioner is seeking that reduction in order to be eligible to have time credits applied under 18 U.S.C. § 3624(g). [Id.]. A prisoner's PATTERN Score and recidivism level are decisions made under § 3624 and are therefore not reviewable by this Court. [Doc. 5 (citing **Nevel v. Brown**, No. 5:23-CV-285, 2023 WL 8505881, at *6 (N.D. W.Va. Oct. 27, 2023) (Mazzone, M.J.))].

In his Objections, petitioner advances the argument that **Loper Bright Enterprises v. Raimondo** "abrogates the Magistrate Judge's report and recommendation." *See* [Doc. 11 at 1–2 (citing **Loper Bright Enterprises v. Raimondo**, 144 S. Ct. 2244 (2024)]. This Court disagrees. The decision in **Loper Bright Enterprises** only alters the requirement of courts to defer to agencies in the interpretation of ambiguous statutes, and does not invalidate reports and recommendations issued by courts. *Id.*

Petitioner further argues that he should have the ability to amend his pleading to avoid a dismissal with prejudice in this case. [Doc. 11]. Petitioner argues that Magistrate Judge Mazzone's report and recommendation reasoned that the petition did not conform with the Federal Rules of Civil Procedure. [Id.]. This Court disagrees. It was not a procedural deficiency, but a substantive deficiency in the claim that caused Magistrate Judge Mazzone to recommend dismissal. *See* [Doc. 5]. Therefore, the arguments that this Court should allow petitioner to cure procedural defects or amend the Petition are not relevant.

The relief sought in this case is a review of a decision not within the Court's power to review, therefore the Petition will be denied and dismissed.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 5**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's Response/Objections [**Doc. 11**] are **OVERRULED** and the Motion to Amend within the objections is **DENIED**. The Petition [**Doc. 1**] is **DENIED and DISMISSED WITH PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 28, 2024.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**